UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-20427-CIV-SCOLA

JUANA PAULINA CASTELLON MOLINA, )
)
       Plaintiff, )
vs. )
)
PURA MARGARITA ESPIN, )
)
       Defendant. )
_____ )

**PLAINTIFFS' MOTION TO RE-OPEN/REINSTATE CASE AND FOR EXTENSION OF TIME NUNC PRO TUNC TO SERVE DEFENDANT**

COMES NOW the Plaintiff, by and through undersigned counsel, pursuant to Federal Rules of Civil Procedure Rule 6(b)(1)(b) and Local Rule 7.1, and respectfully requests an entry of an order re-opening and reinstating the above-captioned matter and allow Plaintiff an extension of twenty (20) days from said Order nunc pro tunc to serve Defendant, and in support thereof states as follows:

1. On or about February 3, 2015, Plaintiff filed the Complaint [DE1] and, immediately following said filing, the following day Plaintiff sent via certified U.S Mail the required Florida Minimum Wage Notice to Defendant pursuant to Florida Statute § 448.110(6)(a) regarding Plaintiff's Florida Minimum wage claims.

2. Plaintiff made a good faith effort to perfect service upon Defendant at the address reflected on the issued summons. However, said attempts were unsuccessful. Plaintiff's Counsel then researched the public records and skip-traced Defendant and obtained

    alternative addresses associated with Defendant to attempt service. Said attempts also failed.[1]

3. Under Fed.R.Civ.P. Rule 4(m), the Plaintiff has one-hundred and twenty (120) days after filing the Complaint to serve Defendant, unless good cause is otherwise shown. Therefore, the one-hundred and twenty (120) day period of service in relation to Defendant expired on June 3, 2015.

4. Due to a recent reorganization of the undersigned Firm and the resignation of the main attorney assigned to this matter in February 2015, service of process for this case was inadvertently overlooked, including the Court's reminder [DE7] to Plaintiff that she was responsible for serving the Defendant with the summons and complaint within the limitations set by the Rules was inadvertently missed.

5. Plaintiff files the present motion in good faith and not for purposes of delay. Rather, it would not benefit judicial economy to require a re-filing as to Defendant, which would further delay litigation in this matter.

6. Therefore, Plaintiff respectfully requests an entry of an order re-opening and reinstating the above-captioned matter and that Plaintiff be allowed an extension of twenty (20) days from said Order nunc pro tunc to effectuate service on Defendant.

## MEMORANDUM OF LAW

Federal Rule of Civil Procedure 6(b)(1)(B) states that a extension of time can be granted by the Court "on motion made after the time has expired if the party failed to act because of excusable neglect. ""…excusable neglect" may extend to inadvertent delays. Although

---

[1] A current investigative search shows Defendant to be located at the address reflected on the summons and, under information and belief, Defendant may be concealing herself and purposely avoiding service of process by indicating to Plaintiff's process server otherwise when attempts of service were made.

inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute "excusable" neglect, it is clear that "excusable neglect" under Rule 6(b) is a somewhat "elastic concept" and is not limited strictly to omissions caused by circumstances beyond the control of the movant." *Pioneer Inv. Servs. Co. v. Brunswick Assocs.*, 507 U.S. 380, 392 (U.S. 1993). The United States Supreme Court in *Pioneer* compared the excusable neglect standard to other Federal Rules of Civil Procedure such as Rule 13(f) and 60(b)(1). *Pioneer Inv. Servs. Co.* at 392.

> Fed. R. Civ. P. 60(b)(1). "For purposes of Rule 60(b), excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Pioneer Inv. Serv. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 394, 113 S. Ct. 1489, 123 L. Ed. 2d 74 (1993). Whether a party's neglect of a deadline may be excused is an equitable decision turning on "all relevant circumstances surrounding the party's omission," including (1) the danger of prejudice to the opposing party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. Id. at 395. Primary importance is accorded to the absence of prejudice to the nonmoving party and to the interest of efficient judicial administration. *Cheney v. Anchor Glass Container Corp.*, 71 F.3d 848, 850 (11th Cir. 1996) (noting that the Supreme Court in Pioneer "accorded primary importance" to the aforementioned factors). The Eleventh Circuit has held that the Supreme Court's definition of "excusable neglect" in Pioneer applies to determinations of excusable neglect under Federal Rule of Civil Procedure 60(b). See *Cheney*, 71 F.3d at 849-50; *Advanced Estimating Systems, Inc. v. Riney*, 77 F.3d 1322, 1324 (11th Cir. 1996).

*Monticello Ins. Co. v. Dynabilt Mfg. Co.*, 2005 U.S. Dist. LEXIS 35249 (M.D. Fla. Oct. 12, 2005).

The Court in *Monticello* went on to state that the one month delay in filing a response did fall under the excusable neglect standard and stated:

> See, e.g., *Walter v. Blue Cross & Blue Shield of Wisconsin*, 181 F.3d 1198 (11th Cir. 1999) (finding that a full one month delay in

> filing due to legal secretary's failure to record filing deadline for response to motion to dismiss constituted "excusable neglect," but on the merits the motion to dismiss should have been granted for lack of personal jurisdiction).

*Monticello* at 7.

> The Court should consider "the danger of prejudice to the [nonmovant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Advanced Estimating Sys., Inc. v. Riney*, 77 F.3d 1322, 1325 (11th Cir. 1996) (alteration in original) (quoting *Pioneer Inv. Servs. Co.*) (applying Pioneer analysis in context of Rule 4(a)(5), Federal Rules of Appellate Procedure). **"Primary importance should be accorded to the absence of prejudice to the nonmoving party and to the interest of efficient judicial administration**." Id.[Emphasis added].

*Maixner v. United States*, 2007 U.S. Dist. LEXIS 91983, 6-7 (M.D. Fla. Dec. 14, 2007).

In the case at hand, due to a recent reorganization of the undersigned Firm and the resignation of the main attorney assigned to this matter in February 2015, service of process for this case was inadvertently overlooked, including the Court's reminder [DE7] to Plaintiff that she was responsible for serving the Defendant with the summons and complaint within the limitations set by the Rules was inadvertently missed. It would benefit judicial economy to re-open the matter and not require a re-filing of the above-captioned matter, which would further delay litigation in this matter.

Furthermore, said delay was due to inadvertence and excusable neglect. "See, e.g., *Walter v. Blue Cross & Blue Shield of Wisconsin*, 181 F.3d 1198 (11th Cir. 1999) (finding that a full one month delay in filing due to legal secretary's failure to record filing deadline for response to motion to dismiss constituted "excusable neglect," but on the merits the motion to dismiss should have been granted for lack of personal jurisdiction)." *Monticello* at 6 - 7. Furthermore, Courts

have held that cases should be decided on the merits *Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1316 (11th Cir. 2002). In the case at hand, Plaintiffs' counsel is attempting to immediately rectify their inadvertent mistake and have already commenced efforts to obtain alternative addresses for Defendant to effectuate service on same.

Federal Rule of Civil Procedure 4(m) states:

> Time Limit for Service. If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. **But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.**[Emphasis added].

Plaintiff in this case has attempted to effectuate service of process on multiple occasions at multiple addresses to no avail. Under Fed.R.Civ.P. Rule 4(m), the one-hundred and twenty (120) day period of service in relation to Defendant expired on June 3, 2015. As noted in Rule 4(m) upon the showing of good cause, the Court should extend the time for service for an appropriate period. Moreover, the Court has discretion to grant enlargements, although the Court takes into consideration whether the request will impact the trial calendar and the reasons. *See, Sosa v. Airport Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998); *Michael Grecco Photography, Inc. v. Everett Collection, Inc.*, No. 07-CIV-8171, 2008 WL 4580024, *3-4 (S.D.N.Y. 10/14/08). The requested relief and brief extension nunc pro tunc will allow the case to continue to proceed as scheduled regarding all Defendant and would benefit judicial economy.

WHEREFORE, PLAINTIFF RESPECTFULLY REQUESTS AN ENTRY OF AN ORDER RE-OPENING AND REINSTATING THE ABOVE-CAPTIONED MATTER AND THAT PLAINTIFF BE ALLOWED AN EXTENSION OF TWENTY (20) DAYS FROM SAID ORDER NUNC PRO TUNC TO EFFECTUATE SERVICE ON DEFENDANT.

**CERTIFICATE OF CONFERRAL**

No parties have appeared on behalf of Defendant and no one has been served as of the present filing.

>Respectfully submitted,
>
>J. H. ZIDELL, P.A.
>ATTORNEYS FOR PLAINTIFF
>300-71ST STREET, SUITE 605
>MIAMI BEACH, FLORIDA 33141
>305-865-6766
>305-865-7167
>
>By:_s/ Rivkah F. Jaff, Esq. ___
>    Rivkah F. Jaff, Esquire
>    Florida Bar No.: 107511

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS SENT VIA CM/ECF ON 6/12/15 TO:**

**ALL CM/ECF RECIPIENTS**

**(NO PARTIES HAVE APPEARED)**

**BY:_____/s/ Rivkah F. Jaff_____**
**RIVKAH F. JAFF, ESQ.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 15-20427-CIV-SCOLA

JUANA PAULINA CASTELLON MOLINA, )
)
        Plaintiff, )
vs. )
)
PURA MARGARITA ESPIN, )
)
        Defendant. )
_____ )

**ORDER GRANTING PLAINTIFFS' MOTION TO RE-OPEN/REINSTATE CASE AND FOR EXTENSION OF TIME NUNC PRO TUNC TO SERVE DEFENDANT**

This cause, having come before the Court on the above-described Motion, and the Court being duly advised in the premises, it is ORDERED, ADJUDGED, and DECREED that said Motion is granted and therefore:

1. THE ABOVE-DESCRIBED CASE IS RE-OPENED AND REINSTATED.

2. PLAINTIFF SHALL HAVE THROUGH TO _____, TO SERVE DEFENDANT. DONE AND ORDERED in chambers in Miami-Dade, Florida, on this _____ day of _____, 2015.

                                                  _____
                                                  ROBERT N. SCOLA, JR.
                                                  UNITED STATED DISTRICT JUDGE

Copies to: Counsel of Record