United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Juana Paulina Castellon Molina, Plaintiff ) ) ) | |
| v. ) ) ) | Civil Action No. 15-20427-Civ-Scola |
| Pura Margarita Espin, Defendant ) | |

## Order Denying Motion to Reopen

This matter is before the Court on Plaintiff's Motion to Reopen /Re-Instate Case (ECF No. 9). This case was filed on February 3, 2015 (ECF No. 1) but Plaintiff never effectuated service. On May 1, 2015, the Court reminded Plaintiff that she was responsible for serving the defendant with a summons and the complaint within 120 days of filing the complaint and noted that service was required by June 3, 2015. Fed. R. Civ. P. 4(c)(1); Fed. R. Civ. P. 4(m). After reviewing the record, it appeared that the Plaintiff failed to serve the Defendant with the summons and complaint. *See* Fed. R. Civ. P. 4(l)(1) ("Unless service is waived, proof of service must be made to the court."). Accordingly, on June 11, 2015 the Court dismissed the action and closed the case (ECF No. 8). *Lepone-Dempsey v. Carroll Cnty. Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007) (quoting Fed. R. Civ. P. 4(m)) ("If the plaintiff fails to properly serve the defendant within 120 days, 'the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice.'") Plaintiff now seeks an order re-opening the case and a *nunc pro tunc* extension of time to serve Defendant.

This rule requires that, if good cause is shown, the Court extend the period of time for serving a defendant. Fed. R. Civ. P. 4(m); *Rance v. Rocksolid Granit USA, Inc.,* 583 F.3d 1284, 1286 (11th Cir.2009). "Good cause exists when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." *Id.* (citation and internal quotation marks omitted). No good cause explanation was provided—Plaintiff's counsel explains that service of process "was inadvertently overlooked, including the Court's reminder." (Mot. ¶ 4, ECF No. 9.) But when a district court finds that a plaintiff fails to show good cause for failing to effectuate timely service, the court must consider whether any other circumstances warrant an extension of time. *Lepone-Dempsey,* 476 F.3d at 1282. Circumstances warranting relief include an expiring statute of limitations or evasion of service by the defendant. These factors are not present in this action at this time. Plaintiff does not allege an expired statute of limitations and although Plaintiff claims that counsel "has attempted to effectuate service of

process on multiple occasions at multiple addresses," there is no claim that the Defendant was evading service. (Mot. 5, ECF No. 9.) Moreover, Plaintiff fails to attach an affidavit from a process service indicating that service was even attempted—let alone that service was thwarted by evasive tactics.

In the instant action Plaintiff was warned that the Court would dismiss the action if Plaintiff failed to effectuate timely service. (ECF No. 7.) Plaintiff did not file a response or seek additional time to serve Defendant. Based upon the record before the Court, Plaintiff has failed to show good cause for failure to serve Defendants, and has further failed to provide any legitimate basis for extending the time for service.

**Done and Ordered** in chambers, at Miami, Florida, on June 17, 2015.

_____
Robert N. Scola, Jr.
United States District Judge